NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ARCHDEACON and PHYLLIS ARCHDEACON  :  :  :  Petitioners,  :  :  v.  :  :  SHERWOOD INVESTMENT SERVICES, and ERIC J. LINGER  :  :  Respondents.  :  : | **Hon. Dennis M. Cavanaugh**  **OPINION**  Civil Action No. 06-cv-5077 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Petitioners Thomas Phyllis Archdeacon ("Archdeacons") to compel arbitration pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 4. Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Petitioners' motion to compel arbitration is **denied**.

**I.    BACKGROUND**

    **A.    Factual and Procedural Background**

Petitioners Thomas and Phyllis Archdeacon are a retired married couple. Thomas Archdeacon is a retired Verizon Communications employee.

Respondent Sherwood Investment Services ("Sherwood") is a registered investment advisory firm. Respondent Linger ("Linger") is the principal of Sherwood.

Petitioners hired Linger to help them manage their investments and retirement savings.

Additionally, Petitioners opened a brokerage account with non-party TD Waterhouse Investor Services, Inc. ("Waterhouse").

On December 15, 2005, Petitioners initiated an arbitration before the National Association of Securities Dealers, Inc. ("NASD") against Waterhouse, Sherwood and Linger for violation of the federal securities laws, the sale of unsuitable securities, common law fraud, breach of fiduciary duty, and violation of the New Jersey Uniform Securities Act.  Respondents have declined to participate in the arbitration proceedings, arguing that they are not subject to the jurisdiction of the NASD on the grounds that they are not broker-dealers and accordingly, not members of the NASD. Additionally, Respondents contend that they have not entered into a contract with Petitioners requiring that all disputes between them be arbitrated.

    **B.**    **Contracts at Issue**

There are three contracts at issue at the core of this dispute.

The first contract at issue is the customer agreement between Petitioners and Respondent ("Sherwood Customer Agreement").  See Certification of Robert K. Ross, Esq. ("Ross Cert.") at Ex. A.  This agreement does not contain an arbitration clause.

The second contract at issue is the agreement establishing a securities brokerage trading account for Petitioners with Waterhouse ("Waterhouse Customer Agreement"). See Ross. Cert., Ex. B.  While this agreement contains an arbitration clause, respondent is not a party to it.  Nevertheless, Respondents' names appear on the document solely to indicate that they were chosen as Petitioners' financial advisor firm.

The third contract at issue is the Advisor Master Account Agreement.  This agreement also contains an arbitration clause; however, it is applicable only to disputes between Waterhouse and

Respondents.

**II.     ANALYSIS**

    **A.     Contract to Arbitrate**

"Arbitration is strictly a matter of contract.  If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd., 181 F.3d 435, 444 (3d Cir. 1999) (citing United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960)).  Here, Respondents and Petitioners have not entered into an agreement binding either party to arbitrate any disputes arising between them.  The Sherwood Customer Agreement does not contain an arbitration clause.  The Waterhouse Customer Agreement contains an arbitration clause; however, Respondents are not a party to that contract.  Thus, the language that "the parties" must arbitrate any dispute does not apply to Respondents.  While the Advisor Account Master Agreement contains an arbitration clause, this clause applies to Respondents and Waterhouse, not to Petitioners.  Thus, the plain language of these contracts does not establish that Respondents have agreed to arbitrate their disputes with Petitioners.

    **B.     Implied Contract to Arbitrate**

The Third Circuit has recognized that an obligation to arbitrate may be implied.  See Teamsters Local Union No. 764 v. J.H. Merritt & Co., 770 F.2d 40, 42 (3d Cir. 1985) (citing Fortune, Alsweet & Eldrige, Inc. v. Daniel, 724 F.2d 1355, 1356 (9th Cir. 1983)).  On this basis, Petitioners argue that Respondents' obligation to arbitrate is implied from the contracts.  This argument is unavailing for several reasons.

First, the implied duty to arbitrate in J.H. Merritt was found based on the defendant's conduct.  770 F.2d at 42.  In that case the defendant voluntarily submitted its dispute to arbitration

and only later claimed that it was not bound by the arbitrator's decision.  Here, Respondents have never submitted to the NASD's jurisdiction or otherwise voluntarily agreed to arbitrate.  Petitioners fail to point to any conduct that would support a conclusion that Respondents' duty to arbitrate may be implied.  This Court is unpersuaded that Respondents impliedly agreed to arbitrate simply because they provided Petitioners with the documents that effected the Archdeacons' accounts with Waterhouse.

Second, the federal policy in favor of promoting arbitration does not require this Court to compel a party to arbitrate that has never contractually agreed to arbitrate disputes.  Federal courts ought to construe broad arbitration clauses with a presumption of arbitrability.  See RCM Techs., Inc. v. Constr. Servs. Assocs., Inc., 149 F. Supp. 2d 109, 111 (D.N.J. 2001) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).  However, as stated above, this Court may not require a party to arbitrate a dispute which he has not agreed to so submit.  See Warrior & Gulf Navigation Co., 363 U.S. at 582.

Accordingly, this Court finds that Respondents have no implied duty to arbitrate its disputes with Petitioners.

### III.   CONCLUSION

For the reasons stated, it is the finding of this Court that Petitioners' motion to compel arbitration is **denied**.  An appropriate Order accompanies this Opinion.

  S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | June  28 , 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |